UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CATHERINE USHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:17-cv-1745 |
| | ) |
| BOARD OF TRUSTEES OF | ) |
| INDIANA UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Catherine Usher ("Usher"), brings this action against Defendant, Board of Trustees of Indiana University ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities Act ("ADA"), as amended and section 504 of the Rehabilitation Act.

## PARTIES

2. Usher has resided within the Southern District of Indiana at all relevant times.

3. Defendant is a corporation doing business within the Southern District of Indiana

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 12117.

5. Usher was an "employee" within the meaning of 42 U.S.C. § 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

7. Usher is a qualified individual with a disability, has a record of a disability, and/or

was regarded as disabled by Defendant.

8. Defendant employs 50 or more employees within a 75-mile radius of the facility at which Usher worked.

9. Usher satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a "Dismissal and Notice of Rights" to Usher. She now timely files her lawsuit.

10. Venue is proper in this Court

## FACTUAL ALLEGATIONS

11. Usher began her employment with the Defendant on November 16, 2015 and held the position of Assistant to the Dean.

12. At all times relevant, Usher's performance has met or exceeded Defendant's legitimate expectations.

13. At all times relevant, Usher is a qualified individual with a disability, has a record of disability, and/or is regarded as disabled by Defendant.

14. At all relevant times, Usher's supervisor was Valerie Eickmeier ("Eickmeier"), Dean of the Herron School of Art and Design.

15. On or about January 19, 2016, Usher informed Defendant that she had suffered a mild stroke in her past, which caused her to suffer problems with her short term memory. Usher informed Eickmeier that repetitiveness helps her better absorb and learn new tasks, and she requested an accommodation of some additional training to help her learn the functions of her position. Usher also informed Eickmeier that she was a cancer survivor and that the training would help relieve the stress she was under, which would be advantageous for her health.

Usher's actions constitute a request for a reasonable accommodation and protected activity.

16. Almost immediately thereafter, Eickmeier told Usher that the job might not be a good fit for her and that she might want to look for another position. Approximately a half hour after the meeting, Eickmeier came to Usher's desk and told her that she intended to replace her by the end of February.

17. On January 20, Usher sent an email to Eickmeier asking if she could continue to work such that she could have insurance coverage through the month of March. Eickmeier agreed to allow Usher to work until March 1. However, thereafter, Usher received an email from Kim Coles ("Coles"), Human Resources, stating that Usher's last day of employment would be February 3, and that Defendant was treating Usher's January 20 email as her notice of resignation.

18. On or about January 25, Usher complained to Human Resources that the intention of her January 19 meeting with Eickmeier was apparently misconstrued and that it was never her intention to resign her position.

19. On January 26, Usher informed Eickmeier that she intended to consult an attorney about Defendant's discriminatory and retaliatory termination of her employment. Usher's actions constitute engagement in protected activity.

20. A short time thereafter, on January 26, Defendant issued a "Memorandum" to Usher, stating that her employment would be terminated on March 1, 2016, and that Usher would be disciplined if she did not meet expectations in the meantime.

21. On or about February 1, 2016, Defendant issued a verbal warning to Usher for clocking out approximately twelve (12) minutes after the end of her shift.

22. Defendant failed to engage in the interactive process and failed to provide Usher

with a reasonable accommodation.

23. On March 1, 2016, Usher's employment was terminated.

24. Defendant's adverse action toward and termination of Usher were based on her disability, her record of disability, the perception that she is disabled and/or are taken in retaliation for her engagement in protected activity.

25. Respondent's stated reasons for its action are pretextual.

26. Usher has suffered, and continues to suffer, harm as a result of Respondent's actions.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

27. Usher hereby incorporates paragraphs 1-26 of her Complaint.

28. Usher has a disability, has a record of a disability, and/or is perceived by the Defendant as disabled.

29. Defendant took adverse employment actions against Usher based on her disability, record of a disability, and/or its perception of her being disabled.

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Usher's rights as protected by the ADA.

## COUNT II

## RETALIATION – ADA

31. Usher hereby incorporates paragraphs 1-30 of her Complaint.

32. Usher engaged in statutorily-protected activities before her termination.

33. Defendant terminated Usher in retaliation for her engagement in statutorily-protected activities.

34. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Usher's rights as protected by the ADA.

## COUNT III

### SECTION 504 DISCRIMINATION

35. Usher hereby incorporates paragraphs 1-34 of her Complaint.

36. Usher is a qualified individual with a disability and/or regarded by Defendant to have a disability and/or has a record of a disability.

37. Defendant subjected Usher to disparate treatment because of her disability.

38. Defendant disciplined and terminated Usher because of her disability and/or because Defendant regarded Usher as disabled and/or because of her record of disability.

39. Usher has been damaged as a result of Defendant's unlawful discrimination.

40. Defendant's actions were intentional, willful, and in reckless disregard of Usher's rights as protected by Section 504.

41. Usher has been injured by Defendant's unlawful actions

## COUNT IV

### SECTION 504 RETALIATION

42. Usher hereby incorporates paragraphs 1-41 of her Complaint.

43. Usher is a qualified individual with a disability and/or regarded by Defendant to have a disability and/or has a record of a disability.

44. Usher engaged in statutorily protected activity.

45. Defendant subjected Usher to disparate treatment in retaliation for engaging in statutorily protected activity.

46. Defendant disciplined Usher and terminated her employment in retaliation for her

engagement in a statutorily protected activity.

47.    Usher has been damaged as a result of Defendant's unlawful retaliation.

48.    Defendant's actions were intentional, willful and in reckless disregard of Usher's rights as protected by Section 504.

## COUNT V

## FAILURE TO ACCOMMODATE

49.    Usher incorporates by reference paragraphs 1-48 of her Complaint as if the same were set forth at length herein.

50.    Usher requested a reasonable accommodation for her disability in the form of additional training and guidance.

51.    Defendant unreasonably denied Usher's request for a reasonable accommodation.

52.    Defendant failed to engage in the interactive process.

53.    Defendant's actions were intentional, willful, and in reckless disregard of Usher's rights as protected by the ADA.

54.    Usher has been harmed as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Catherine Usher, by counsel, respectfully requests that this Court find for her and order that:

1.    Defendant reinstate Usher to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2.    Defendant pay lost wages and benefits to Usher;

3.    Defendant pay compensatory and punitive damages to Usher;

    4.       Defendant pay liquidated damages to Usher;

    5.       Defendant pay pre- and post-judgment interest to Usher;

    6.       Defendant pay Usher's attorneys' fees and costs incurred in litigating this action;

and

    7.       Defendant pay to Usher any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Keenan D. Wilson*
Keenan D. Wilson, Attorney No. 32195-49

Attorneys for Plaintiff
Catherine Usher

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:(317)955-9500
Facsimile:(317)955-2570
Email:jhaskin@jhaskinlaw.com
kwilson@jhaskinlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Catherine usher, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49